**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| KENDELL TYLER AND JAMES JACKSON | * | CIVIL ACTION |
| | * | |
| Plaintiffs | * | NO. |
| | * | |
| VERSUS | * | SECTION: |
| | * | |
| CURTIS RIOPELLE, EMPIRE EXPRESS, INC., | * | JUDGE: |
| AND CHEROKEE INSURANCE COMPANY | * | |
| | * | MAGISTRATE: |
| Defendants | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT

NOW INTO COURT, through undersigned counsel, come Plaintiffs, KENDELL TYLER

and JAMES JACKSON, all persons of the full age of majority and residents of and domiciled in

the Parish of Orleans, State of Louisiana, who respectfully submit the following Complaint:

### I.    INTRODUCTION

1.

This cause of action arises out of a motor vehicle collision that occurred on or about June

6, 2017, in the Parish of Orleans, State of Louisiana.

### II.    THE DEFENDANTS

2.

Made Defendants herein are:

A. CURTIS RIOPELLE ("Defendant Riopelle") a person of the full age of the

majority and resident of and domiciled in the County of Lincoln, State of

Tennessee;

B. EMPIRE EXPRESS, INC., (hereinafter, "Empire"), a foreign corporation

incorporated in the State of Tennessee, with its principle place of business in the

1

State of Tennessee, who upon information and belief was at all times relevant herein the owner of the vehicle that caused the June 6, 2017, motor vehicle collision at issue and the entity that employed Defendant Riopelle while he was driving in the course and scope of his employment at the time of the June 6, 2017  motor vehicle collision; and

C. CHEROKEE INSURANCE COMPANY, (hereinafter, "Cherokee"), a foreign insurance company authorized to do and doing business in the State of Louisiana, incorporated in the State of Michigan and having its principal place of business in the State of Michigan, who upon information and belief was at all times relevant hereto the insurer of the vehicle driven by Defendant Riopelle and owned by Empire.

### III.    JURISDICTION AND VENUE

3.

This Court has jurisdiction over this proceeding pursuant to 28 USC § 1332 due to the complete diversity of the parties, and that the amount in controversy exceeds the jurisdictional threshold of $75,000, exclusive of interest and cost.

4.

Venue is proper in this Court pursuant to 28 USC § 1391(b)(2) as the district in which a substantial part of the events giving rise to this claim occurred.

## IV.   FACTS

5.

On or about June 6, 2017, Ozreald Martin ("Ms. Martin") was the owner and operator of a 2016 Nissan Altima bearing VIN No. 1N4AA6AP437949, travelling westbound in the center lane of I-10.

6.

Plaintiffs, Kendell Tyler ("Mr. Tyler") and James Jackson ("Mr. Jackson"), were passengers in the vehicle driven by Ms. Martin at the time of the June 6, 2017, collision.

7.

At the same date and time, Defendant Riopelle, was driving a 2017 Freight TT (VIN: 3ALXA7003HDJE2253) semi-truck, westbound on I-10 in the right-hand lane.

8.

While traveling west, Defendant Riopelle failed to keep a proper lookout and negligently attempted to switch lanes into the center lane, Ms. Martin's lane of travel, causing Defendant Riopelle's vehicle to collide with the passenger side of the vehicle containing Mr. Tyler and Mr. Jackson.

9.

As a result of Defendant Riopelle colliding with Ms. Martin's vehicle, her passengers, Mr. Tyler and Mr. Jackson, were violently jolted inside the vehicle.

10.

Defendant Riopelle was informed by the New Orleans Police Department Officer who responded to the scene that he would be found at fault and was issued a verbal warning.

11.

The vehicle being driven by Defendant Riopelle was owned by Empire, and Defendant Riopelle was within the course and scope of his employment with Empire when he crashed into the vehicle containing the Plaintiffs.

### V.    FAULT OF CURTIS RIOPELLE

12.

The above described June 6, 2017, motor vehicle collision and the resulting injuries to Plaintiffs were caused through the negligence of Defendant Riopelle, which negligence includes, but is not limited to, the following actions and/or inaction:

a) Disregarded traffic conditions;

b) Gross negligence;

c) Failure to maintain proper control of a vehicle;

d) Failure to maintain a proper lookout and/or being distracted or inattentive;

e) Failure to take all reasonable evasive action to avoid a collision at issue herein;

f) Failure to yield;

g) Failure to properly change lanes;

h) Failure to see what should have been seen;

i) Improper lane usage;

j) Operation of the vehicle in a reckless and/or negligent manner;

k) Acting in violation of the laws of the State of Louisiana and/or the Parish of Orleans, all of which acts may be properly proven at the trial of this matter; and

l) Any and all other acts of negligence or fault which may be proven during the investigation and/or trial of this matter and that violate the laws of Louisiana and/or applicable ordinances which are hereby pleaded and adopted by reference.

## VI.    LIABILITY OF EMPIRE EXPRESS, INC.

13.

As a result of the foregoing, and as per applicable Louisiana law including, but not limited to, the Doctrines of Respondeat Superior; negligent entrustment; negligent hiring, training, and supervision; principal and agent; permissive use; vehicle owner with responsibility for maintenance and upkeep; and/or master-servant doctrines, said Empire is a proper party-defendant and is responsible for the negligence and/or liability attributed to Defendant Riopelle.

## VII.    LIABILITY OF CHEROKEE INSURANCE COMPANY

14.

Cherokee, at all times relevant herein, had in full force and effect a policy of liability insurance coverage in favor of defendants, Empire, as owner, and Defendant Riopelle, as operator of the insured vehicle, for his negligence in connection with the June 6, 2017, motor vehicle collision at issue herein.

As a result of the foregoing and as per applicable Louisiana law, Cherokee has been named herein as party-defendant, and is answerable and/or responsible for the negligence and/or liability of Defendant Riopelle and Empire.

## VIII.    DAMAGES OF KENDELL TYLER

15.

As a result of said June 6, 2017, motor vehicle collision, Mr. Tyler suffered personal and bodily injuries including, but not limited to, injuries to his neck and back. All of his damages are

serious in nature and require continuing medical care and treatment. The full residual effects are not yet known.

16.

Mr. Tyler's injuries and damages were directly caused by the negligent acts and omissions and/or commissions on the part of Defendant Riopelle and his failure to operate his vehicles in a proper, prudent, and safe manner.

17.

As a result of the motor vehicle collision at issue, Mr. Tyler suffered severe physical and mental injuries as well as inconvenience, entitling him to recover damages including, but not limited to:

a) Past, present, and future mental pain and suffering;

b) Past, present, and future physical pain and suffering;

c) Past, present, and future medical expenses;

d) Loss of enjoyment of life;

e) Past, present, and future lost earnings;

f) Loss of earning capacity; and

g) All damages allowed under Louisiana law which may be proven at the trial of this matter.

## IX. DAMAGES OF JAMES JACKSON

18.

As a result of said June 6, 2017, motor vehicle collision, Mr. Jackson suffered personal and bodily injuries including, but not limited to, injuries to his neck and back. All of his damages are

serious in nature and require continuing medical care and treatment. The full residual effects are not yet known.

19.

Mr. Jackson's injuries and damages were directly caused by the negligent acts and omissions and/or commissions on the part of Defendant Riopelle and his failure to operate his vehicles in a proper, prudent, and safe manner.

20.

As a result of the motor vehicle collision at issue, Mr. Jackson suffered severe physical and mental injuries as well as inconvenience, entitling him to recover damages including, but not limited to:

a)   Past, present, and future mental pain and suffering;

b)   Past, present, and future physical pain and suffering;

c)   Past, present, and future medical expenses;

d)   Loss of enjoyment of life;

e)   Past, present, and future lost earnings;

f)   Loss of earning capacity; and

g)   All damages allowed under Louisiana law which may be proven at the trial of this matter.

WHEREFORE, Plaintiffs, Kendell Tyler and James Jackson, pray that Defendants, CURTIS RIOPELLE, EMPIRE EXPRESS, INC., AND CHEROKEE INSURANCE COMPANY, be served with a copy of this Complaint, and, after being duly summoned to appear and respond thereto, and after the expiration of all legal delays, and due proceedings are had, there be judgment in favor of Plaintiffs and against Defendants in an amount of damages reasonable and found

reasonable at trial, including penalties and attorney's fees as allowed by law, together with legal

interest thereon, from the date of judicial demand until paid in full, as well as all costs of these

proceedings, and all other general and equitable relief.

Respectfully Submitted,

**PANDIT LAW FIRM, LLC**

BY: ___*/s/ Jason M. Baer*_____
**JASON M. BAER (# 31609)**
**RAJAN PANDIT (# 32215)**
**CASEY C. DEREUS (# 37096)**
**JOSHUA A. STEIN (# 37885)**
701 Poydras Street, Suite 3950
New Orleans, LA 70139
Telephone: (504) 313-3800
Facsimile: (504) 313-3820
Email: jstein@panditlaw.com
*Counsel for Plaintiffs*

and

**SUTTON LAW FIRM**
**LIONEL H. SUTTON III (# 20386)**
525 Clay Street
Kenner, LA 70062
Telephone: (504) 592-3230
Email: lsutton@suttonlaw.us
*Counsel for Plaintiffs*

**PLEASE SERVE:**

**CURTIS RIOPELLE**
7 Turtle Valley
Fayetteville, TN 37334

| **CHEROKEE INSURANCE COMPANY** | **EMPIRE EXPRESS, INC.** |
|---|---|
| Through its agent for service of process: | Through its agent for service of process: |
| Louisiana Secretary of State | Timothy H Gatlin |
| 8585 Archives Avenue | 10001 Bentwood Tree CV |
| Baton Rouge, LA 70809 | Collierville, TN 38017 |