UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **KENDELL TYLER AND JAMES JACKSON** | * | **CIVIL ACTION NO. 2018-5364** |
| | * | |
| **VERSUS** | * | **JUDGE SARAH S. VANCE** |
| | * | |
| **CURTIS RIOPELLE, EMPIRE EXPRESS, INC.** | * | **MAGISTRATE JUDGE KAREN** |
| **CHEROKEE INSURANCE COMPANY** | * | **WELLS ROBY** |
| | * | |
| | * | **JURY DEMAND** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

<u>**MEMORANDUM IN SUPPORT OF MOTION TO CONTINUE TRIAL**</u>

MAY IT PLEASE THE COURT:

Defendants have thus far been unable to depose a Party-Plaintiff, James Jackson, as he is currently confined in prison. *See* Rec. Docs. 21, 31. The Court very recently granted Defendants' "Second *Ex Parte* / Consent Motion for Leave to Take Deposition" which includes a discovery deposition date of May 23, 2019. *See* Rec. Doc. 33. The date, May 23, 2019, is a mere 40 days (and 28 working days) before the discovery and deposition deadline in this suit, July 2, 2019, which would allow Defendants less than six weeks in which to conduct additional, necessary discovery following the discovery deposition of Plaintiff-Jackson. *See* Rec. Doc. 13. Accordingly, Defendants request a continuance of the trial of this matter and all associated pre-trial deadlines.

**I. FACTS AND BACKGROUND**

This suit stems from an automobile accident alleged to have occurred on or about June 6, 2017. *See* Rec. Doc. 1. Plaintiffs, Kendell Tyler and James Jackson, allege that

they were passengers in a vehicle operated by Ozreald Martin when that vehicle was in an accident with a tractor-tractor trailer operated by Defendant, Curtis Riopelle, on Interstate 10 in New Orleans, Louisiana. *Id.*

Plaintiffs filed this suit on May 29, 2018. *Id.* Defendant, Curtis Riopelle, was served with Plaintiffs' lawsuit on or about August 31, 2018. *See* Rec. Doc. 6. Defendant, Cherokee Insurance Company, was served on or about September 5, 2018. *See* Rec. Doc. 5. Defendants, Empire Express, Inc., and Cherokee Insurance Company, entered their initial appearances in this suit on September 15, 2018, and Mr. Riopelle on September 21, 2018. *See* Rec. Docs. 4, 8.

Defendant, Cherokee Insurance Company, propounded initial written discovery requests to Plaintiffs on September 17, 2018. *See* Rec. Docs. 16-4, 16-5. When Plaintiffs' discovery responses were not timely produced, and after the Parties exchanged the initial disclosures required by FRCP Rule 26(a)(1), on November 8, 2018, Defendants' counsel forwarded correspondence to Plaintiffs' counsel notifying him that his clients' discovery responses were overdue and scheduling a telephone discovery conference for Friday, November 16, 2018, less than two months after the initial discovery was propounded. *See* Rec. Doc. 16-6. This conference is required by FRCP Rule 37 prior to filing a discovery motion. *See* Fed. R. Civ. P. 37(a)(1). At the telephone discovery conference, Plaintiffs agreed to produce initial discovery responses by November 30, 2018. *See* Rec. Doc. 16-7.

On December 3, 2018, Defendant was forced to file a Motion to Compel Discovery Responses. *See* Rec. Doc. 16. Plaintiffs then provided initial discovery responses on December 5, 2018. *See* Rec. Doc. 18.

Prior to the production of Plaintiffs' initial discovery responses, on November 9, 2018, Defendants learned that Dr. Peter Liechty, M.D., reported that a C4-5, 5-6 anterior cervical discectomy and fusion (ACDF) surgery was pending for Plaintiff, Kendell Tyler, though it had not yet been scheduled. In an abundance of caution, Defendants scheduled independent medical examinations (IMEs) for each Plaintiff, to take place on December 10, 2018. The appointments were coordinated with Plaintiffs' counsel. However, on December 10, 2018, Defendants were informed that neither Plaintiff attended the scheduled IME. Defendants were forced to reschedule the IMEs for January 7, 2019.

On January 15, 2019, in coordination with Plaintiffs' counsel, Defendants noticed the depositions of Plaintiffs, Kendell Tyler and James Jackson, to take place on March 7, 2019. However, on February 27, 2019, the Parties agreed to reschedule Plaintiffs' depositions for April 2019.[1] Importantly, even had Defendants wished to go forward with the deposition of Plaintiff-Jackson as originally scheduled, they would have been unable because a warrant was issued for Plaintiff-Jackson's arrest on January 28, 2019[2], and Plaintiff-Jackson appeared at Avoyelles Correctional Center (ACC) on February 12, 2019, where he was held without bond. Plaintiff-Jackson did not identify any pending criminal charges in his initial written discovery responses, and Defendants had no notice that Plaintiff-Jackson's arrest and detention were imminent. Apparently, Plaintiff-Jackson had been arrested on April 26, 2018[3], released on bond on April 27, 2018[4], charged on June 20, 2018[5], re-arrested on December 11, 2018[6], released on bond on December 12,

---

[1] The deposition of Plaintiff, Kendell Tyler, went forward on April 8, 2019.
[2] *See* attached Exhibit "A," Case Number 19-0318 Warrant.
[3] *See* attached Exhibit "B," Case Number 18-3821 Appearance Bond.
[4] *Id.*
[5] *See* attached Exhibit "C," Case Number 18-3821 Bill of Information.
[6] *See* attached Exhibit "D-1," "D-2," Case Number 19-0318 Appearance Bonds.

3

2018[7], charged on January 15, 2019[8], then re-arrested in late January or early February 2019 for failing to appear in court and ordered held without bond.[9]

On March 1, 2019, Defendants were first informed that Plaintiff-Jackson was incarcerated. Defendants did not learn at which facility until April 9, 2019, when they were informed Plaintiff-Jackson was being held at ACC. On April 12, 2019, Defendants sought leave of court to depose Plaintiff-Jackson as required by FRCP Rule 30(a)(2)(B). *See* Rec. Doc. 21. This Court granted Defendants' Motion on April 17, 2019, and the deposition was set to take place on May 8, 2019, a date coordinated with Plaintiffs' counsel and prison officials. *See* Rec. Docs. 21, 23.

However, when counsel arrived at ACC, Defendants learned, for the first time, that Plaintiff-Jackson had been transferred to Plaquemines Parish Sheriff's Office Detention Center (PPSODC). *See* Rec. Doc. 31. Defendants were not informed of the transfer of Plaintiff-Jackson prior to May 8, 2019 because ACC still held a different man named "James Jackson," and ACC produced this man for deposition. *Id.* Defendants have since sought and obtained leave a second time to depose Plaintiff-Jackson. *See* Rec. Docs. 31, 33.

The discovery and deposition deadline of July 2, 2019 and trial date of August 26, 2019 remain pending. *See* Rec. Doc. 13. Additionally, Plaintiff-Jackson's criminal cases remain pending before the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, and Defendants have received no indication as to when Plaintiff-Jackson's criminal trial may proceed or when he will be released from custody.

---

[7] *Id.*
[8] *See* attached Exhibit "E," Case Number 19-0318 Bill of Information.
[9] *See* attached Exhibit "F," Case Number 19-0318 Attachment.

4

For the sake of ease, Defendants provide this chart of activity to date:

    May 29, 2018……………………………………Complaint Filed
    August 31, 2018…………………………..First Defendant Served
    September 15, 2018………...............Defendants First Appear
    September 17, 2018….....Initial Written Discovery Propounded
    November 8, 2018…….FRCP Rule 37 Conference Scheduled
    November 16, 2018………….FRCP Rule 37 Conference Held
    December 3, 2018……………………….Motion to Compel Filed
    December 5, 2018..Plaintiffs' Discovery Responses Produced
    December 10, 2018………………………..Plaintiffs Miss IMEs
    January 7, 2019………………………....Plaintiffs Attend IMEs
    January 15, 2019……………Plaintiffs' Depositions Scheduled
    January 15, 2019………....Bill of Information Filed in 24th JDC
    January 25, 2019……Attachment Issued for Plaintiff-Jackson
    January 28, 2019………...Warrant Issued for Plaintiff-Jackson
    February 12, 2019…………...Plaintiff-Jackson Arrived at ACC
    February 27, 2019……….Plaintiffs' Depositions Rescheduled
    March 1, 2019……..Defendants Learn Plaintiff is Incarcerated
    March 11, 2019……Plaintiff-Jackson Transferred to PPSODC
    April 9, 2019…………….Defendants Informed Plaintiff at ACC
    April 12, 2019………Motion for Leave to Depose Plaintiff Filed
    April 17, 2019…..Motion for Leave to Depose Plaintiff Granted
    May 8, 2019……………Deposition of Plaintiff-Jackson Failed
    May 8, 2019..Defendants Learn Plaintiff-Jackson at PPSODC
    May 13, 2019……....Motion for Leave to Depose Plaintiff Filed
    May 14, 2019…..Motion for Leave to Depose Plaintiff Granted
    May 23, 2019 (pending)....……Deposition of Plaintiff-Jackson
    July 2, 2019 (pending)………..Deposition/Discovery Deadline
    August 26, 2019 (pending……………………………..Jury Trial

Defendants are entitled to a discovery deposition of Plaintiff-Jackson. *See* Fed. R. Civ. P. 30(a). Because Plaintiff-Jackson is confined in prison, Defendants are required to both coordinate with Department of Corrections officials and Plaintiffs' counsel and obtain leave of court for the deposition. *See* Fed. R. Civ. P. 30(a)(2)(B). Defendants had no notice of Plaintiff-Jackson's incarceration until March 1, 2019 or *actual* location until May 8, 2019. Defendants have diligently pursued discovery in this suit, including Plaintiff-Jackson's discovery deposition, but the proximity of the discovery and deposition deadline and trial date to the proposed discovery deposition of a Party-Plaintiff requires a

5

continuance of trial and all associated deadlines so that Defendants can adequately pursue additional, necessary discovery following Plaintiff-Jackson's deposition. Defendants will be unduly prejudiced if forced to adhere to the current discovery and deposition deadline and trial date, and Plaintiff-Jackson should not be rewarded because he was arrested, failed to appear in court, and is now being held without bond..

## II. LAW AND ARGUMENT

The Court held a Preliminary Conference on October 25, 2018. *See* Rec. Doc. 13. At the conference, the Court scheduled the trial of this matter to begin on August 26, 2019. *Id.* The Court also issued a discovery and deposition deadline of July 2, 2019. *Id.* Defendants now request a continuance of that trial date and all associated deadlines so that they might depose a Party-Plaintiff, James Jackson, and pursue additional discovery.

A schedule may be modified only for good cause and with the judge's consent. Fed. R. Civ. P. 16(b)(4); *see also* Rec. Doc. 13. Whether to grant or deny a continuance is within the sound discretion of the trial court. *Equip. Leasing, LLC v. Three Deuces, Inc.*, 2011 WL 1326931, at *2 (E.D. La. 2011) (citing *United States v. Alix*, 86 F.3d 429, 434 (5th Cir. 1996)). In deciding whether to grant a continuance, the Court's "judgment range is exceedingly wide," for it "must consider not only the facts of the particular case but also all of the demands on counsel's time and the court's." *Eqiup. Leasing, LLC* at *2 (citing *Streber v. Hunter*, 221 F.3d 701, 736 (5th Cir .2000)). Guiding this discretion is a four-factor test: (1) the explanation for the failure to have prepared the desired testimony on time; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice. *Mosely v. Ins. Corp. of Hanover*, 2002 WL 246449, at *1 (E.D. La. 2002) (quoting *Geiserman v. MacDonald*, 893

F.2d 787, 791 (5th Cir.1990)); *see also*, *Morin v. Chevron U.S.A., Inc.*, 2012 WL 255766, at *1-2 (E.D. La. 2012).[10]

In the instant suit, Defendants have been unable to take the discovery deposition of Plaintiff, James Jackson, despite diligent efforts. Defendants propounded initial written discovery shortly after their initial appearance and were forced to file a Motion to Compel Discovery Responses. *See* Rec. Doc. 16. Following receipt of Plaintiffs' discovery responses, Defendants scheduled and then re-scheduled IMEs for each Plaintiff. Plaintiff-Jackson was then detained in late January or early February 2019, and he has remained incarcerated since that time. Defendants only learned of Plaintiff-Jackson's current location on May 8, 2019, when Defendants attempted to depose Plaintiff-Jackson as allowed by leave of this Court.

Defendants anticipate a great deal of additional discovery will be made apparent and necessary following Plaintiff-Jackson's discovery deposition, and Plaintiff-Jackson's discovery deposition is vital to this case. Plaintiff-Jackson's initial written discovery responses were sparse concerning prior accidents and injuries, criminal history, actual residence addresses, facts surrounding the subject accident, Plaintiff-Jackson's current alleged injuries and the purported effects thereof, Plaintiff-Jackson's employment and educational histories, claims history, and insurance coverages. *See* attached Exhibit "G," Plaintiff Jackson's Responses to Defendants Interrogatories and Requests for Production of Documents. For example, Plaintiff-Jackson disclosed only convictions for cocaine possession in 2009, possession of a firearm in 2011, and possession of a firearm in 2012.

---

[10] The *Geiserman* court reviewed a trial court decision to preclude expert witness testimony when Plaintiff failed to adhere to scheduling order deadlines and local rules. In upholding the district court's refusal to allow the expert testimony, the court used the aforementioned factors to examine the trial court's exercise of discretion in excluding evidence that was not properly designated.

*Id.* Plaintiff-Jackson disclosed "minor" automobile accidents in 2017 in Metairie and on Tchoupitoulas Street. *Id.* However, on information and belief, one of these accidents occurred on October 28, 2017, just more than four months after accident sued upon.[11] Defendants have no knowledge of the effects of this and other accidents on Plaintiff-Jackson's health or possible claims derived therefrom, if any. Defendants anticipate learning a great deal more at Plaintiff-Jackson's discovery deposition.

Defendants expect to explore each of these areas, among others, at the discovery deposition of Plaintiff-Jackson, should it proceed on May 23, 2019. Plaintiff-Jackson's testimony, in turn, will very likely result in additional health care providers, insurers, employers, Louisiana Sherriff's Offices, and courts from which to request records. Plaintiff-Jackson's deposition testimony and the records, in turn, will identify additional individuals whose deposition testimony may be vital to this case. However, Defendants will have only 40 days, and 28 working days, in which to pursue these additional records and depositions. *See* Rec. Doc. 13.[12] Simply put, at this stage, it is impossible to know what additional discovery may become known to Defendants at the discovery deposition of Plaintiff-Jackson, but the time between the scheduled discovery deposition and the discovery and deposition deadline and trial date in this suit will preclude vital discovery and prejudice Defendants to the benefit of Plaintiff-Jackson, who has gotten arrested, missed court, and been ordered held without bond.

There will be no prejudice to Plaintiffs by granting a continuance, as Plaintiff-Jackson is currently incarcerated awaiting trial, and the Parties have no indication as to

---

[11] *See* attached Exhibit "H," State of Louisiana Uniform Motor Vehicle Traffic Crash Report #171028A023.
[12] Defendants also note that FRCP Rule 45(d)(2)(B) requires that Defendants give persons 14 days in which to object to subpoenas for records, further eating into their time to conduct additional discovery. *See* Fed. R. Civ. P. 45(d)(2)(B).

when he might be released, possibly after the trial date in this matter. Finally, a continuance would not encourage future dilatory behavior, nor would it detrimentally impact enforcement of local rules or court imposed scheduling orders. *Mosely*, 2002 WL 246449, at *2 (E.D. La. 2002). In fact, a continuance would cure any prejudice suffered by Defendants and caused by Plaintiff-Jackson's arrest and detention for missing a court date by allowing Defendants additional time to conduct discovery following the discovery deposition of Plaintiff-Jackson.

In *Konrick v. Exxon Mobile Corp.*, 2015 WL 13532722 (E.D. La. 2015), this Court found that a continuance was warranted to allow the parties the opportunity to complete depositions of experts. The Court noted that expert testimony was required to establish causation in that toxic tort case, and the Court found that failure to grant the requested continuance would unduly prejudice plaintiff's ability to prosecute her case. *Konrick* at *1. Defendants are in a similar position, in that, the failure to grant a continuance in this case will prejudice their ability to *defend* this case.

This Court also granted a continuance in *Jones v. Phil Guilbeau Offshore, Inc.*, 2014 WL 4186784 (E.D. La. 2014). In that case, defendant argued that because plaintiff would not reach maximum medical improvement (MMI) until after trial, defendant was unable to engage experts to counter the testimony of plaintiff's treating physician. *Jones* at *1. The motion to continue was contested by plaintiff, on the basis that the treating physician expected plaintiff to reach MMI one week before trial. *Id*. The Court found that allowing the trial to continue on the scheduled date would prejudice the defendant's ability to proffer countervailing expert testimony and may require the jury to speculate as to plaintiff's future damages and/or medical expenses. *Id*. (citing *Simmons v. Blake*

*Workover & Drilling Co.*, 2003 WL 21500546, at *2 (E.D. La. 2003) ("As a result of Plaintiff's medical uncertainty, the Court ... hereby GRANTS the Plaintiff's Motion to Continue."). Ultimately, this Court concluded that the plaintiff's medical uncertainty constituted good cause to justify the continuance of trial. *Jones* at *1. In the instant suit, forcing adherence to a July 2, 2019 discovery and deposition deadline and August 26, 2019 trial date, when, through no fault of their own, Defendants will only have performed the discovery deposition of Plaintiff-Jackson on May 23, 2019, will significantly prejudice Defendants. Defendants will be unable to develop evidence or testimony in furtherance of their defenses, unable to obtain timely document production, and unable to coordinate additional defensive depositions.

In *Mosely*, 2002 WL 246449 (E.D. La. 2002), plaintiff sought a continuance on the grounds that only seven and one-half months had elapsed between the accident and the time suit was filed, and plaintiff had not had adequate time to diagnose and treat his injuries. *Mosely*, 2002 WL 246449, at *2 (E.D. La. 2002). Additionally, plaintiff's physician was considering surgery and scheduled an MRI for eleven days after the trial date. Because of the medical uncertainty, plaintiff argued that he was unable to present testimony concerning his future loss of earning capacity. *Id*. In granting plaintiff's motion to continue, the court noted that "fully developed medical and lost earnings testimony obviously is crucial to plaintiffs' case." *Id*. Similarly, in the instant suit, Defendants must be afforded an opportunity to depose a Party-Plaintiff regarding his personal injury claims and allowed some time to conduct additional discovery following the deposition. Accordingly, Defendants request for continuance of the trial date should be granted so that Defendants can adequately prepare their defenses.

In *Morin v. Chevron U.S.A., Inc.*, 2012 WL 255766 (E.D. La. 2012), defendant-Chevron sought a trial continuance. Both parties alleged a long list of discovery violations. Chevron asserted that plaintiffs' failure to meet discovery obligations resulted in unfair prejudice to Chevron in preparing its defense, given that the deadline for witness and expert reports expired before all information was obtained and that the discovery deadline was one month away and trial a mere two months away. After evaluating the four factors above, the court found that a brief continuance was necessitated by the delays in complying with discovery obligations by both plaintiffs and defendant-Chevron and the parties' inabilities to complete discovery within the original time frame. *Morin v. Chevron U.S.A., Inc.*, 2012 WL 255766, at *2 (E.D. La. Jan. 24, 2012). Defendants are similarly situated here, where they received first notice of Plaintiff-Jackson's incarceration on March 1, 2019, and *actual* location on May 8, 2019, despite coordinating deposition dates with Plaintiffs' counsel and prison officials.

In short, Defendants contend that a continuance of the trial of this matter is necessary to cure the undue prejudice they currently face in attempting to defend this case following a very tardy discovery deposition of a Party-Plaintiff which may significantly alter the value of Plaintiff-Jackson's and Plaintiff-Tyler's provable claims and will almost certainly lead to additional discovery.

### III. CONCLUSION

Defendants seek to continue the trial and all associate pre-trial deadlines in this case. Defendants have diligently pursued both the written discovery responses of Plaintiff, James Jackson, and then the discovery deposition of Plaintiff-Jackson. Upon learning that Plaintiff-Jackson was incarcerated and where, Defendants timely sought leave of

11

court to depose Plaintiff-Jackson. However, the holding facility mistakenly produced the wrong "James Jackson" for deposition, and Defendants only then learned that Plaintiff-Jackson had been transferred to a different facility. Defendants again sought and obtained leave of court to depose Plaintiff-Jackson, as they are required to do by the Federal Rules of Civil Procedure. Defendants should not be forced to suffer and have their defenses prejudiced because Plaintiff-Jackson was arrested, failed to appear in court, and is now being held without bond. A continuance of the trial date and all pre-trial deadlines in this suit would cure such prejudice.

Respectfully submitted:

***Mouledoux, Bland, Legrand and Brackett, LLC***

*/s/ Eric Winder Sella*

_____

**GERARD J. DRAGNA, #23042
C. MICHAEL PARKS, #19727
ERIC WINDER SELLA, #33474**
701 Poydras Street, Suite 4250
New Orleans, Louisiana 70139
Tel: (504) 595-3000; Fax: (504) 522-2121
Email: gdragna@mblb.com
Email: mparks@mblb.com
Email: esella@mblb.com

***Attorneys for Curtis Riopelle, Empire Express, Inc., and Cherokee Insurance Company***

### **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing pleading has been delivered to all counsel of record, either through the CM/ECF system, depositing a copy of same in the United States mail, first class postage prepaid, by hand delivery or by facsimile transmission, this 15th day of May, 2019, at their last known address of record.

*/s/ Eric Winder Sella*

_____
**ERIC WINDER SELLA**

h:\1199\15214 - reeves\pleadings\mtn2continue trial - memo in support.docx