UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **KENDELL TYLER AND JAMES JACKSON** | * | **CIVIL ACTION NO. 2018-5364** |
| | * | |
| **VERSUS** | * | **JUDGE SARAH S. VANCE** |
| | * | |
| **CURTIS RIOPELLE, EMPIRE EXPRESS, INC.** | * | **MAGISTRATE JUDGE KAREN** |
| **CHEROKEE INSURANCE COMPANY** | * | **WELLS ROBY** |
| | * | |
| | * | **JURY DEMAND** |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**<u>SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO CONTINUE TRIAL</u>**

MAY IT PLEASE THE COURT:

    Defendants previously requested that a continuance be granted in light of the late hour at which they were finally able to depose Plaintiff, James Jackson, who has been confined in prison since late January or early February 2019. *See* Rec. Doc. 34. In addition, Defendants have recently learned that a telephone used and/or owned by Plaintiff-Jackson placed and received calls at the scene of the subject accident to and/or from a telephone number belonging to and/or used by Cornelius Garrison[1], a man implicated in numerous cases pending in this District and state court which involve allegedly staged accidents.

    Defendants additionally seek a continuance of trial and all associated pre-trial

---

[1] Defendants withheld this information from their original Motion to Continue Trial (Rec. Doc. 34) so as to preserve its impeachment value in advance of the deposition of Plaintiff-Jackson. Defendants were only able to depose Plaintiff-Jackson, on May 23, 2019, due to his confinement in prison, and it was necessary to depose Plaintiff-Jackson prior disclosing the evidence found in his cellular telephone records.

deadlines on these grounds, so that they may pursue additional, necessary discovery and determine if they may, in good faith, seek leave to file an amended answer and counterclaim.

## I. FACTS AND BACKGROUND

This suit stems from an automobile accident alleged to have occurred on or about June 6, 2017. *See* Rec. Doc. 1. Plaintiffs, Kendell Tyler and James Jackson, allege that they were passengers in a vehicle operated by Ozreald Martin. *Id.* Plaintiffs allege that they were injured in a lane-change/sideswipe accident when Ms. Martin's vehicle made contact with a tractor-trailer operated by Defendant, Curtis Riopelle, on Interstate 10 in New Orleans, Louisiana. *Id.* Ms. Martin's vehicle had minor property damage, and Mr. Riopelle's had none. This fact pattern is shared with numerous other cases pending in this District.

Shortly after the accident, at the direction of Ms. Martin, Plaintiffs, Kendell Tyler and James Jackson, retained Lionel H. Sutton, III, and Sutton Law Firm, located at 525 Clay Street, Kenner, Louisiana 70062, as counsel. This fact, too, is shared with numerous other cases pending in this District. On November 9, 2018, Mr. Sutton sought to withdraw from this case. *See* Rec. Doc. 14. At the same or similar time, Mr. Sutton sought to withdraw in numerous cases involving similar facts. *See*, e.g., Ex Parte / Consent Motion Withdraw Lionel H. Sutton, III as Attorney by Winthrop Carrie, Evelina Harris (Rec. Doc. 27), *Harris v. Celadon Trucking Services, Inc.*, No. 18-03317 (E.D. La. November 9, 2018); Ex Parte / Consent Motion to Withdraw Lionel H. Sutton, III as Attorney for Paul Clark (Rec. Doc. 11), *Clark v. Janda*, No. 18-05076 (E.D. La. November 9, 2018); Ex Parte / Consent Motion Withdraw Lionel H. Sutton, III as Attorney for Lesdreaka Dickson,

Harry Dorsey (Rec. Doc. 45), *Dorsey v. Jamair*, No. 18-06603 (E.D. La. November 9, 2018); Ex Parte / Consent Motion Withdraw Lionel H. Sutton, III as Attorney for Morris Brumfield, Jr., Corey Thompson (Rec. Doc. 14), *Brumfield v. Bridges*, No. 18-07212 (E.D. La. November 9, 2018); Ex Parte / Consent Motion Withdraw Lionel H. Sutton, III as Additional Counsel for Plaintiffs (Rec. Doc. 11), *Barra v. Watts*, No. 18-08223 (E.D. La. November 9, 2018); Ex Parte / Consent Motion Withdraw Lionel H. Sutton, III as Attorney for Herold Payne, Kwantra Varnado, Taj Varnado (Rec. Doc. 4), *Varnado v. Aitiev*, No. 18-08969 (E.D. La. November 9, 2018).

Although the police report generated as a result of the subject accident indicates that it occurred on June 6, 2017, Plaintiffs' medical records indicate an actual accident date of June 4, 2017, the same date Mr. Riopelle recalls this accident occurring. Neither Plaintiffs nor an additional passenger, Tynasia Ross, was identified in the police report. The police report indicates a 7:17 PM time of accident, but Mr. Riopelle recalls the accident occurring at 7:30 PM. The police report shows the time of law enforcement notification as 7:38 PM, and Plaintiff-Jackson testified that Ms. Martin called law enforcement after the accident. On May 23, 2019, at his recent discovery deposition, Plaintiff-Jackson allowed that the accident likely occurred on June 4, 2017, not June 6, 2017.

As Defendants received Plaintiffs' medical records, which indicated that the accident sued upon actually occurred on June 4, 2017, they also requested Plaintiff-Jackson's cellular telephone records for June 4, 2017. The records were received on May 8, 2019. Through their own investigative efforts, Defendants learned that Plaintiff-Jackson, or someone using his cellular telephone, placed and received calls to and from

3

Cornelius Garrison at the scene of the subject accident, said calls taking place at 7:28 PM and 8:10 PM, that is, just before and after the subject accident. Defendants believe Mr. Garrison is implicated in several cases in this District for allegedly staging lane-change/sideswipe accidents. Mr. Garrison is also a former plaintiff in a similar motor vehicle accident.[2] *See* Order and Reasons (Rec. Doc. 101) at 3, *Henderson-Burkhalter v. National Union Fire Ins. Co.*, No. 18-0928 (E.D. La. January 18, 2019).

Mr. Garrison was represented by Vanessa Motta in his lawsuit. At the time Plaintiffs retained Mr. Sutton, Mr. Sutton shared an office address with Ms. Motta. Ms. Motta, too, has clients who are implicated in allegedly staging lane-change/sideswipe accidents with slow moving tractor-trailers on Interstate 10 in New Orleans. Defendants' Supplemental and Amending Answer to Complaint (Rec. Doc. 89), *Henderson-Burkhalter v. National Union Fire Ins. Co.*, No. 18-0928 (E.D. La. January 2, 2019). In *Henderson-Burkhalter*, Ms. Motta sought to quash a subpoena *duces tecum* for cellular telephone records of Mr. Garrison. However, in that case the court noted that Mr. Garrison, who was in telephone contact with a party-plaintiff on the day of the accident therein, was also nephew of a party-plaintiff. *See* Order and Reasons (Rec. Doc. 101) at 3, *Henderson-Burkhalter v. National Union Fire Ins. Co.*, No. 18-0928 (E.D. La. January 18, 2019). There is no such known relationship here, making it even more suspect that Plaintiffs would call a man they purportedly did not know, who is allegedly involved in staging lane-change/sideswipe accidents on Interstate 10 in New Orleans, immediately before and/or after a lane-change/sideswipe accident on Interstate 10 in New Orleans.

This specific case, "Kendell Tyler and James Jackson v. Curtis Riopelle, Empire

---

[2] That case was captioned "*Cornelius Garrison III v. Lancer Ins. Co., et al.*," Docket No. 2016-09756, Civil District Court for the Parish of Orleans, State of Louisiana.

4

Express, Inc., and Cherokee Insurance Company," is identified in pleadings in another case in this District as warranting additional investigation. *See*, e.g., Motion to Compel Lionel H. Sutton, III d/b/a Sutton Law Firm's Response to Subpoena *Duces Tecum* (Rec. Docs. 79, 79-2), *Frazier v. Runnels*, No. 18-2340 (E.D. La. February 15, 2019). However, Defendants only learned of Mr. Garrison's connection on May 8, 2019, when they received Plaintiff-Jackson's cellular telephone records for June 4, 2017.

In light of the consistent, serious allegations in factually similar, even identical, cases across this District, Defendants require more time to develop potential defenses and/or counterclaims, determine the contours thereof, and to pursue the associated discovery necessary to determine if such defenses or claims may be asserted in good faith. *See*, e.g., Supplemental and Amending Counterclaim and Third-Party Claim (Rec. Doc. 80), *Dorsey v. Jamair*, No. 18-06603 (E.D. La. December 7, 2018); Supplemental and Amended Counterclaim (Rec. Doc. 38), *Turner v. Cook*, No., 18-2851 (E.D. La. December 17, 2018); Defendants' Supplemental and Amending Answer to Complaint (Rec. Doc. 89), *Henderson-Burkhalter v. National Union Fire Ins. Co.*, No. 18-0928 (E.D. La. January 2, 2019); Counterclaim (Rec. Doc. 19), *Clark v. Janda*, No. 18-05076 (E.D. La. January 28, 2018). Specifically, Defendants suspect that Cornelius Garrison, the operator of Plaintiffs' vehicle, Ozreald Martin, her passenger, Tynasia Ross, Plaintiffs, Kendell Tyler and James Jackson, conspired to intentionally cause a lane-change/sideswipe accident with a slow-moving tractor-trailer on Interstate 10. However, Defendants require time and discovery to determine whether such allegations may be made in good faith.

At a minimum, Defendants require time to locate and depose Ms. Martin, Ms. Ross,

and Mr. Garrison and to pursue cellular telephone records of each from the *actual date of the accident.* Additionally, at his May 23, 2019 discovery deposition, Plaintiff-Jackson identified four additional cellular telephone numbers used by him in the past. Defendants also require time to locate and depose the actual owner of Plaintiffs' vehicle, Vincent Venezia, and to review PACER filings in several other, similar cases to identify, locate, and depose potential witnesses or investigators. *See*, e.g., Order and Reasons (Rec. Doc. 91), *Shaul v. Canal Ins. Co.*, No. 18-2851 (E.D. La. May 7, 2019). As such, Defendants submit that a continuance of trial and all associated pre-trial deadlines is warranted. *See*, e.g., Order (Rec. Doc. 173), *Thomas v. Chambers*, No. 18-4373 (E.D. La. April 18, 2019); Order and Reasons (Rec. Doc. 217), *Thomas v. Chambers*, No. 18-4373 (E.D. La. May 28, 2019).

## II. LAW AND ARGUMENT

The discovery and deposition deadline in this suit is set for July 2, 2019, and trial of this matter is set to begin on August 26, 2019. *See* Rec. Doc. 13. A schedule may be modified only for good cause and with the judge's consent. Fed. R. Civ. P. 16(b)(4); *see also* Rec. Doc. 13. Whether to grant or deny a continuance is within the sound discretion of the trial court. *Equip. Leasing, LLC v. Three Deuces, Inc.*, 2011 WL 1326931, at \*2 (E.D. La. 2011) (citing *United States v. Alix*, 86 F.3d 429, 434 (5th Cir. 1996)). In deciding whether to grant a continuance, the Court's "judgment range is exceedingly wide," for it "must consider not only the facts of the particular case but also all of the demands on counsel's time and the court's." *Eqiup. Leasing, LLC* at \*2 (citing *Streber v. Hunter*, 221 F.3d 701, 736 (5th Cir. 2000)).

What constitutes good cause sufficient to justify the modification of a scheduling

6

order necessarily varies with the circumstances of each case. Modifying Scheduling Orders, 6A Fed. Prac. & Proc. Civ. §1522.2 (3d ed.). In general, if the party seeking relief can show that the deadlines cannot reasonably be met despite the party's diligence, relief may be given. *Id.* Applying these principles, courts have allowed scheduling orders to be amended so as to permit amended pleadings alleging new claims, to extend discovery deadlines, to allow dispositive motions to be filed after the deadline, and in many other situations. *Id.*

Defendants were forced to file a Motion to Compel to obtain Plaintiffs' discovery responses. *See* Rec. Docs. 16, 34-2. The responses were produced on December 5, 2019, at which time Defendants first learned the number to a cellular telephone used by Plaintiff, James Jackson, though in his girlfriend's name. *See* Rec. Doc. 34-10 at Response to Interrogatory No. 23. Defendants also confirmed, through ongoing receipt of Plaintiffs' medical records, that the accident sued upon likely occurred on June 4, 2017. Accordingly, on March 22, 2019, Defendants issued a subpoena *duces tecum* to Cellco Partnership d/b/a Verizon Wireless for records of calls made or received by Plaintiff-Jackson on June 4, 2017. Defendants received a response to the subpoena on May 8, 2019.[3] Upon review of these records, Defendants learned, for the first time, that Plaintiff-Jackson placed and/or received telephone calls to and/or from Cornelius Garrison from the scene of the subject accident.

At his May 23, 2019 discovery deposition, Plaintiff-Jackson allowed that the accident likely occurred on June 4, 2017. At the deposition, Plaintiff-Jackson correctly

---

[3] During this time period, the Parties struggled to arrange the deposition of Plaintiff, James Jackson, who has been confined in prison since late January or early February 2019 while awaiting trial on charges including Heroin PWITD. *See* Rec. Docs. 34-2, 34-9.

7

identified the owners of numerous telephone numbers called on June 4, 2017 from memory, and, when unable to associate a name and number, Plaintiff-Jackson was able to identify persons upon prompting from Defense counsel. However, Plaintiff-Jackson testified that he did not know Cornelius Garrison and did not recognize this phone number.[4]

Defendants did not disclose this information or their suspicions to the Court in their Motion to Continue Trial so that they would have an opportunity to depose Plaintiff-Jackson regarding his cellular telephone before disclosing the evidence. Despite their best efforts, Defendants were only able to depose Plaintiff-Jackson on May 23, 2019.[5] Defendants would never have learned of Mr. Garrison's connection were it not for their own investigation regarding the actual date of the accident and Plaintiff-Jackson's cellular telephone records, as Plaintiff-Jackson denied recognizing this phone number or Mr. Garrison. Plaintiff-Jackson also denied knowing Mr. Garrison or calling him from the scene of the accident, despite what is shown in his cellular telephone records.

In light of Plaintiff-Jackson's apparent lack of credibility, and Defendants having only learned of Mr. Garrison's connection to this case on May 8, 2019, Defendants require time to pursue additional discovery to determine if they may, in good faith, seek leave to file an amended answer and counterclaim against Plaintiffs. This requires altering the scheduling order in this case and continuing trial, as well as extending discovery deadlines. To do otherwise would result in rewarding Plaintiff-Jackson for his apparent lack of candor and honesty; it will also prejudice Defendants ability to learn the truth about

---

[4] The transcript of Plaintiff-Jackson's discovery deposition is not yet available.
[5] Plaintiff-Jackson had previously been scheduled for deposition on March 7, 2019 and May 8, 2019. *See* Rec. Docs. 21, 31.

8

what happened on June 4, 2017.

### III. CONCLUSION

Defendants daily learn new information regarding Mr. Garrison and his connections, in court filings in this and other courts and from their own investigation. However, Defendants only learned of Mr. Garrison's connection to this case on May 8, 2019 and were only able to depose Plaintiff-Jackson regarding his cellular telephone usage on May 23, 2019. Again, Plaintiff-Jackson's cellular telephone records show he or someone with him spoke to Mr. Garrison *from the scene of the accident*, just before and/or after the accident. Plaintiff-Jackson's denial of this information, along with the numerous similarities associated with this and other cases in this District involving Mr. Garrison and those connected to him, necessitates additional discovery in this case so that Defendants may determine if they can, in good faith, assert an amended answer and counterclaim as many other similarly-situated defendants have done in this District.

Respectfully submitted:

***Mouledoux, Bland, Legrand and Brackett, LLC***

*/s/ Eric Winder Sella*

_____
**GERARD J. DRAGNA, #23042**
**C. MICHAEL PARKS, #19727**
**ERIC WINDER SELLA, #33474**
701 Poydras Street, Suite 4250
New Orleans, Louisiana 70139
Tel: (504) 595-3000; Fax: (504) 522-2121
Email: gdragna@mblb.com
Email: mparks@mblb.com
Email: esella@mblb.com

***Attorneys for Curtis Riopelle, Empire Express, Inc., and Cherokee Insurance Company***

9

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing pleading has been delivered to all counsel of record, either through the CM/ECF system, depositing a copy of same in the United States mail, first class postage prepaid, by hand delivery or by facsimile transmission, this <u>31st</u> day of May, 2019, at their last known address of record.

*/s/ Eric Winder Sella*
_____
**ERIC WINDER SELLA**

h:\1199\15214 - reeves\pleadings\mtn2continue trial - memo in support.docx